FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 13, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CAMERON B., | No. 1:21-CV-03031-JAG |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 17, 18. Attorney D. James Tree represents Cameron B. (Plaintiff); Special Assistant United States Attorney Justin Martin represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2) as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. *See* ECF No. 21. After reviewing the administrative record

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and denies Plaintiff's Motion for Summary Judgment.

### I.     JURISDICTION

Plaintiff filed an application for Supplemental Security Income on February 22, 2016, alleging disability since September 22, 1998, due to depression, mental health issues, not liking being around people, anxiety, antisocial personality, and PTSD. Tr. 90-91. The application was denied initially and upon reconsideration. Tr. 139-47, 151-61. Administrative Law Judge (ALJ) Ilene Sloan held a hearing on February 6, 2018, Tr. 34-57, and issued an unfavorable decision on June 26, 2018, Tr. 118-27. Plaintiff requested review of the ALJ's decision, and the Appeals Council remanded the claim on June 22, 2019. Tr. 132-35.

ALJ Chris Stuber held a remand hearing on July 16, 2020, Tr. 58-88, and issued another unfavorable decision on August 14, 2020. Tr. 15-27. Plaintiff requested review of the ALJ's decision by the Appeals Council and the Appeals Council denied the request for review on January 5, 2021. Tr. 1-5. The ALJ's August 2020 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on March 1, 2021. ECF No. 1.

### II.    STATEMENT OF FACTS

Plaintiff was born in 1984 and was 31 years old when he filed his application. Tr. 25. He obtained his GED but has a minimal work history due to being incarcerated for much of his life. Tr. 39-40. He has reported extreme difficulty getting along with others and has found it difficult to adjust to life outside of institutions. Tr. 48-49, 70-71, 78-80, 445, 465, 478.

### III.   STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035,

1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV.    SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ

proceeds to step five, and the burden shifts to the Commissioner to show: (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## V.    ADMINISTRATIVE FINDINGS

On August 14, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15-27.

At **step one**, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 17.

At **step two**, the ALJ determined Plaintiff had the following severe impairments: antisocial disorder, methamphetamine abuse, PTSD, ADHD, major depressive disorder, intermittent explosive disorder, and right tibial fracture, status post open reduction internal fixation surgery. Tr. 17-18.

At **step three**, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18-19.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform sedentary work, with the following limitations:

> [A]ble to lift and/or carry 10 pounds occasionally and less than 10 pounds frequently. He can stand and/or walk about 2 hours in an 8-hour workday and can sit about 6 hours. He can occasionally climb ramps and stairs but never ladders, ropes, or scaffolds. He can have only occasional exposure to excessive vibrations. He is able to understand, remember, and carryout simple, routine instructions with only occasional changes in the workplace. He should have no interactions with the public and brief and superficial interactions with coworkers and supervisors.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

Tr. 19-20.

At *step four*, the ALJ found Plaintiff had no past relevant work. Tr. 25.

At *step five* the ALJ found that, considering Plaintiff's age, education, work experience, and residual functional capacity, Plaintiff could perform jobs that existed in significant numbers in the national economy, specifically identifying the representative occupations of final assembler, document preparer, and addressor. Tr. 26.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date the application was filed through the date of the decision. Tr. 27.

## VI.  ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by: (1) improperly discounting Plaintiff's subjective symptom testimony; and (2) improperly rejecting the medical opinions.  Defendant contends the ALJ's decision is supported by substantial evidence.

## VII.  DISCUSSION

A.  **Medical Opinions.**

Plaintiff argues the ALJ erred in evaluating the medical opinion evidence from Drs. Genthe, Cline, and Bowes.  ECF No. 17 at 12-19.

When a treating or examining physician's opinion is contradicted by another physician, the ALJ may reject the opinion by offering "specific and legitimate reasons" based on substantial evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995).  The specific and legitimate standard can be met by the ALJ setting out a detailed and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

thorough summary of the facts and conflicting clinical evidence, stating their interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

    1.    ***Dr. Thomas Genthe.*__

In July 2016 Plaintiff attended a consultative psychological exam with Dr. Genthe. Tr. 483-88. Dr. Genthe noted diagnoses of antisocial personality disorder, intermittent explosive disorder, attention deficit hyperactivity disorder, major depressive disorder, cannabis use disorder, and child sexual abuse (Level 3 sexual offender). Tr. 486-87. Dr. Genthe concluded Plaintiff was unimpaired in many areas and that cognitively he was able to maintain a regular schedule and complete a normal workweek; however, he found that Plaintiff's social functioning was poor, including his ability to interact appropriately with the public, ask questions and accept instructions, get along with coworkers or peers, respond appropriately to criticism from supervisors, and adhere to basic standards of neatness and cleanliness. Tr. 487. Dr. Genthe stated Plaintiff was likely to function best in settings that would not require his having to deal with a large number of coworkers or consumers on an ongoing basis. *Id.* He further noted that Plaintiff's prognosis was guarded, that he was unlikely to function adequately in a work setting until his mental symptoms were managed more effectively, and that he would require a period of no less than nine months to address his treatment needs at least moderately well. *Id.*

    The ALJ summarized this opinion as follows:

> [Dr. Genthe] opined that the claimant is likely to function best in setting that would not require him to deal with a large number of coworkers and/or consumers on an ongoing basis. He determined the claimant is able to maintain a regular work schedule and complete a normal workweek.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

Tr. 24. The ALJ went on to give this opinion partial weight, noting the assessed duration of nine months did not meet agency regulations, and that the opinion was rendered early in the relevant period, meaning Dr. Genthe reviewed minimal records and did not comment on the entire relevant period. *Id.* The ALJ further found that the opinion did offer insight into Plaintiff's functioning, supporting that he was less limited than alleged. *Id.*

Plaintiff argues the ALJ erred in taking Dr. Genthe's statements out of context and ignoring the ultimate conclusion that Plaintiff was unable to work until his symptoms were better managed. ECF No. 17 at 16-18. Plaintiff further asserts that the opinion as a whole does not support the ALJ's finding that Plaintiff is less limited than alleged, and asserts that Dr. Genthe's opinion is consistent with the opinions from the other evaluating psychologists. *Id.* Defendant argues the ALJ reasonably gave the opinion less weight due to it not meeting the duration requirement and due to Dr. Genthe being unaware of Plaintiff's full diagnostic picture due to not reviewing most of the record. ECF No. 18 at 11-13.

The Court finds that the ALJ reasonably weighed conflicting opinions, compared the opinions to the record, and made reasonable conclusions as to the weight of conflicting medical opinions. The ALJ's adoption of some, but not all, of Dr. Genthe's findings is consistent with the partial weight afforded to Dr. Genthe's opinion. Dr. Genthe stated that Plaintiff was able to maintain a regular workweek with limitations that Dr. Genthe indicated may improve with continued treatment. The ALJ incorporated limitations based on social function into the residual functional capacity. The ALJ's conclusion that the opinion supports that Plaintiff is less limited than alleged is supported by substantial evidence.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

### 2. *Dr. R.A. Cline.*

Plaintiff attended a consultative psychological exam with Dr. R.A. Cline in March 2016.  Tr. 478-82.  Dr. Cline diagnosed Plaintiff with antisocial personality disorder with some features of narcissistic personality disorder, PTSD, marijuana use disorder, and rule out depressive disorder.  Tr. 480.  She opined Plaintiff had mostly mild to moderate limitations in work-related functioning, but that he was markedly limited in completing a normal workday and workweek without interruptions from psychologically-based symptoms and in setting realistic goals and planning independently; and was severely limited in communicating and performing effectively in a work setting and maintaining appropriate behavior in a work setting.  Tr. 480-81.  She further stated that these limitations would last for 6-12 months with available treatment, and noted that Plaintiff would be difficult to treat in a therapeutic context due to his attitude and personality disorders.  Tr. 481.

The ALJ gave this opinion little weight, noting the anticipated duration did not necessarily meet the durational requirement, and that the doctor did not review any records, failed to attach all testing documentation, and provided little to no explanation for her assessed limitations.  Tr. 25.  The ALJ further found the opinion to be inconsistent with Plaintiff's presentation during the exam and to be inconsistent with Plaintiff's benign presentation in treatment records, his performance at other mental exams, his responsiveness to minimal treatment, and situational stressors influencing his symptoms.  *Id.*

Plaintiff argues the ALJ's analysis is insufficient, as Dr. Cline supported her opinion with observations about Plaintiff's behavior during the exam and that the various findings reasonably corresponded with the assessed limitations.  ECF No. 17 at 12-16.  Defendant argues the ALJ's rationale was reasonable and the factors he considered were all relevant to the weighing of Dr. Cline's opinion.  ECF No. 18 at 13-15.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

The Court finds the ALJ's rationale is supported by substantial evidence. With respect to duration, Dr. Cline offered a range from six to twelve months; only the extreme upper end of the range meets the regulatory durational requirement. Further, the ALJ noted that Dr. Cline's opinion appeared inconsistent with Plaintiff's presentation during the examination. Tr. 25. The ALJ pointed to Dr. Cline's failure to review the records and failure to address responsiveness to treatment and the effect of situational stressors. *Id*.

The record contains a mix of abnormal and normal mental status exam results and the Court finds the ALJ's characterization of Plaintiff's general presentation as "relatively benign" is supported by the record. Though he at times presented as tense, agitated, oppositional to treatment, depressed, or anxious, Tr. 449-53, 474, 486, 506, 588, 608, 670, 770-71, 798, 803, 832-35, 840, 858, at other times providers noted that he presented as open, cooperative, and genuine, Tr. 447-48, 464, 485, 493, 504-05, 515, 524, 544, 556, 566.

The Court finds the ALJ offered specific and legitimate reasons for discounting Dr. Cline's opinion.

3. ***Dr. Tasmyn Bowes.***

Plaintiff attended a third consultative psychological exam with Dr. Bowes in May 2018. Tr. 766-71. Dr. Bowes diagnosed Plaintiff with antisocial personality disorder, PTSD, and persistent depressive disorder, and opined he had marked and severe limitations in multiple areas of work-related functioning. Tr. 768-69.

The ALJ gave this opinion no weight, noting she reviewed no records and that her opinion appeared to be an outlier among the rest. Tr. 25. He additionally found the opinion to be inconsistent with the same factors as he addressed with respect to Plaintiff's subjective statements and Dr. Cline's opinion. *Id.*

The ALJ's characterization of Dr. Bowes' opinion as an outlier compared to other opinions issued by similarly qualified individuals, in addition to Dr. Bowes's

failure to review the record, constitutes substantial evidence. In the face of contrary opinion, the ALJ must afford some opinions more weight than others. Siding with the weight of authority reasonably accounts for the record and the expertise of those opinions.

The Court finds the ALJ offered specific and legitimate reasons to give Dr. Bowes' opinion no weight.

B.    **Plaintiff's Subjective Statements**

Plaintiff contends the ALJ erred by improperly rejecting his subjective complaints. ECF No. 17 at 9-12.

It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's findings, however, must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

evidence in the record. Tr. 21. The ALJ found Plaintiff's complaints were not supported by the objective records, that there was little evidence of ongoing treatment (and that Plaintiff responded to what little treatment he did receive), that there was a situational component to Plaintiff's mental condition, and that discrepancies in the record detracted from his self-reports. Tr. 21-24.

The ALJ painstakingly reviewed Plaintiff's statements—both during the hearing, and throughout the record. Tr. 20–24. The ALJ cited to a series of inconsistencies in Plaintiff's self-reports both as compared to Plaintiff's own statements and the medical documentation. *Id*. The ALJ also noted that situational trauma figured into Plaintiff's more severe reports. Tr. 23. The ALJ's conclusions are supported by substantial evidence.

## VIII.  CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and is not based on legal error. Accordingly, **IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment, ECF No. 17, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 18, is **GRANTED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED March 13, 2023.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11